**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ELBER JAVIER AVILA ZAMBRANO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1991-D** |
| | ) | |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Elber Javier Avila Zambrano, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 7. Respondents filed a response, Doc. 10,[3] and the time for Petitioner to reply has lapsed. So, the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Venezuela who entered the United States as a pedestrian in Eagle Pass, Texas on May 20, 2024. Doc. 10, at 2. He sought admission and was paroled for one year pending removal proceedings. *Id.* Ex. 2. His parole expired on May 19, 2025. *Id.* On July 13, 2026, after completing his shift as an Amazon delivery driver, Immigration and Customs Enforcement (ICE) took Petitioner into custody at a gas station. Doc. 1, at 6-7; Doc. 10, Ex. 4. An Immigration Judge denied his asylum application and ordered him removed. Doc. 10, Ex. 5. Petitioner's appeal of that decision remains pending. *See* https://acis.eoir.justice.gov/en/caseInformation (noting a "case appeal was received August 31, 2026") (last visited Oct. 7, 2026).

Petitioner argues his detention violates his Fifth Amendment rights;

---

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

that he does not pose a risk of flight or a danger to the community; that his detention has become arbitrary and capricious; and that his detention has caused irreparable harm to himself and his family. Doc, 1, at 9-12. He seeks his immediate release, or in the alternative, a bond hearing where the Government bears the burden to establish flight and danger by clear and convincing evidence. *Id.* at 13.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Respondents argue that Petitioner is an arriving alien and is subject to mandatory detention. Doc. 10, at 3-5. "This Court, and indeed many others in

this district and nationwide, have repeatedly concluded that [8 U.S.C.] § 1226(a) controls in this situation." *Marcano v. Johnson*, No. CIV-26-1389-J, 2026 WL 2807028, at *1-2 (W.D. Okla. Sept. 18, 2026) (ordering a bond hearing where petitioner's parole had expired and petitioner "was detained in the interior of the United States years after his initial entry and after his humanitarian parole expired" and collecting cases).

Petitioner was not "seeking admission" at the border when ICE detained him in Oklahoma. So, he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 (W.D. Okla. July 14, 2026). Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz,*

180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his detention in July 2026. *See id.* ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[4]

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL

---

[4] Petitioner requests the Court place the burden on the Government at a bond hearing to prove his "continued detention is justified." Doc. 1, at 13. But this Court has previously declined to order burden shifting. *See, e.g., Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026) (declining to address the petitioner's due process and "other claims" because the court was granting the petitioner habeas corpus relief on the basis of his statutory claim and directing the respondents to provide him with a bond hearing under § 1226(a)).

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.**[5] The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

---

[5] Based on this recommendation, the Court should also deny Petitioner's emergency motion for immediate release as moot. Doc. 3.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 16, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").